Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000544
20-MAY-2019
09:34 AM

NO. CAAP-18-0000544

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NOA K. MAU-ESPIRITO, Plaintiff/Counterclaim-Defendant/
Appellant; CHARLES D. HEPA, RUPERT ROWE, MILTON
CHING, ADRIANE HEALANI AKAU, LIKO-O-KA-LANI
MARTIN, CODY VALPOON and RANGIHEKEIHO RUWHIU, DOES
1-100, INCLUSIVE , Plaintiffs/Counterclaim-
Defendants/Appellees v. COCO PALMS HUI, LLC; DOE
1-10 INCLUSIVE Defendant/Counterclaim-
Plaintiff/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 18-1-0010)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Reifurth, Presiding Judge, Chan and Hiraoka, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction in appellate court case number CAAP-18-0000544 over Plaintiff/Counterclaim-Defendant/Appellant Noa K. Mau-Espirito's (Mau-Espirito) appeal from the Honorable Randall G.B. Valenciano's July 17, 2018 order granting Defendant/Counterclaim-Plaintiff/Appellee Coco Palms Hui LLC's (Coco Palms Hui) motion for default judgment, and alternatively, summary judgment, against Mau-Espirito and Plaintiffs/Counterclaim-Defendants/Appellees Charles D. Hepa (Hepa), Milton Ching (Ching), and Liko-O-Ka-Lani Martin (Martin) as to Coco Palms

Hui's February 7, 2018 four-count counterclaim, because the circuit court has neither dismissed nor otherwise adjudicated

- Plaintiff/Counterclaim-Defendant/Appellee Rupert Rowe's (Rowe) claims in the January 17, 2018 four-count complaint against Coco Palms Hui, and

- Coco Palms Hui's February 7, 2018 four-count counterclaim as to Rowe and Plaintiffs/Counterclaim-Defendants/Appellees Adriane Healani Akau, Cody Valpoon and Rangihekeiho Ruwhiu,

which are still unresolved and pending before the circuit court in Civil No. 18-1-0010 (JRV).

Hawaii Revised Statutes (HRS) § 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. Duvauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). The July 17, 2018 order is interlocutory, and the record shows that the circuit court is not yet ready to enter final judgment as to all claims in Civil No. 18-1-0010 (JRV) because the circuit court has not yet resolved all claims as to all parties.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS

2

§ 641-1(b) (2016), the July 17, 2018 order does not satisfy the requirements for those exceptions to apply. See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-18-0000544.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000544 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, May 20, 2019.


Presiding Judge


Associate Judge


Associate Judge

3